**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROBYN ALISE COHEN,

        Plaintiff,

vs.

KILOLO KIJAKAZI, Commissioner of Social Security[1],

        Defendant.

2:21-cv-00031-VCF

**Order**

MOTION TO REMAND [ECF NO. 22]; CROSS-MOTION TO AFFIRM [ECF NO. 23]

    This matter involves plaintiff Robyn Alise Cohen's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Cohen filed a motion for remand (ECF No. 22) and the Commissioner filed a cross-motion to affirm. (ECF No. 23). I grant plaintiff's motion to remand and deny the Commissioner's cross-motion.

**I.    Background**

    The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 31, 2018. AR[2] at 22. The ALJ found plaintiff had numerous severe impairments: disorder of the lumbar spine; disorder of the

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in person occupying the office of Commissioner of Social Security).

[2] The Administrative Record ("AR") is at ECF No. 19.

1

cervical spine status post fusion; bipolar disorder; and anxiety-related disorder. *Id.*

The ALJ found plaintiff's impairments, while severe, did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (AR 54). The ALJ concluded plaintiff has the residual functional capacity to perform the demands of light work except:

> she is limited to frequent but not continuous, but not continuously pushing and/or pulling bilaterally; she can perform posturals occasionally except that she may never climb ropes, ladders or scaffolds; she is limited to occasional overhead reaching bilaterally; she must avoid concentrated exposure to vibration and hazards, such as hazardous machinery, unprotected heights, and operational control of moving machinery; and finally, she is limited to simple unskilled tasks with no production rate, only occasional interaction with supervisors and coworkers, and no interaction with the public.
> See AR 26.

At step four of the sequential analysis, the ALJ found that Cohen cannot perform her past relevant work as a cocktail waitress. AR 36. The ALJ adopted the testimony of the vocational expert that an individual of Cohen's age, education, work experience, and residual functional capacity could perform the work of:

> (1) housekeeping cleaner (Dictionary of Occupational Titles (DOT) # 323.687-014, light exertional capacity, unskilled at Specific Vocational Preparation level (SVP) 2, with 140,000 jobs in the United States);
> (2) merchandise marker (DOT) # 209.587-034, light exertional capacity, unskilled at SVP 2, with 300,000 jobs in the United States);
> (3) mail clerk (DOT) # 209.687-026, light exertional capacity, unskilled at SVP 2, with 90,000 jobs in the United States);
> (4) document preparer (DOT) # 249.587-018, sedentary exertional capacity, unskilled at SVP 2, with 50,000 jobs in the United States);
> (5) ticket checker (DOT) # 219.587-010, sedentary exertional capacity, unskilled at SVP 2,

2

with 10,000 jobs in the United States); and

(6) addresser (DOT) # 209.587-010, sedentary exertional capacity, unskilled at SVP 2, with 10,000 jobs in the United States).

See AR 37. The ALJ concluded that plaintiff did not suffer from a disability within the meaning of the Social Security Act from May 31, 2018 through the date of the decision on August 7, 2020. AR 38.

Plaintiff challenges the ALJ's conclusions on the ground that the ALJ unreasonably rejected the opinion of plaintiff's treating physician, Francisco Machuca, M.D. ECF No. 22 at 6. Plaintiff notes that since plaintiff filed her claim after March 27, 2017, the Commissioner's new regulations concerning the consideration and articulation standards of medical opinions. 20 C.F.R. § 404.1520c. The Commissioner argues the ALJ properly evaluated Dr. Machuca's opinion. ECF No. 23 at 7. The Commissioner also argues that plaintiff has simply presented a different interpretation of much of the same evidence that the ALJ acknowledged, summarized, and considered in making his decision. *Id.* at 13. Plaintiff argues in her reply that the ALJ merely summarized medical evidence and concluded that the evidence is unsupported, which fails to satisfy the substantial evidence standard. ECF No. 25 at 4.

**II.     Discussion**

    **a.   Legal Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

On January 18, 2017, the Social Security Administration published comprehensive revisions to its regulations regarding the evaluation of medical evidence. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (January 18, 2017) (available at 2017 WL 168819). For applications filed on or after March 27, 2017, the new regulations state an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) ("PAMF") [i.e., state-agency medical consultants], including those from [plaintiff's] medical sources." See 20 C.F.R. § 404.1520c(a).[3] The ALJ evaluates opinions and PAMFs by considering their "persuasiveness." § 404.1520c(a). In determining how "persuasive" the opinion of a medical source or PAMF is, an ALJ must consider the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." § 404.1520c(b), (c)(1)-(5). Despite a requirement to "consider" all factors, the ALJ's duty to articulate a rationale for each factor varies. § 404.1520c(a)-(b).

The ALJ must "explain how [h]e considered" the supportability and consistency factors, as they are "the most important factors." § 404.1520c(b)(2). For supportability, the regulations state: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive [the opinion or PAMF] will be." § 404.1520c(c)(1). For consistency, the regulations state: "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from

---

[3] Before March 27, 2017, the ALJ gave more weight to "those physicians with the most significant clinical relationship with the plaintiff...." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The "treating physician rule" allowed an ALJ to reject a treating or examining physician's uncontradicted medical opinion only for "clear and convincing reasons," and allowed a contradicted opinion to be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* It is not yet clear how the new regulations affect other Ninth Circuit principles governing Social Security review.

4

other medical sources and nonmedical sources in the claim, the more persuasive [the opinion or PAMF] will be." § 404.1520c(c)(2). The ALJ is required to articulate findings on the remaining factors (relationship with claimant, specialization, and "other") only when "two or more medical opinions or prior administrative medical findings about the same issue" are "not exactly the same," and both are "equally well-supported [and] consistent with the record." § 404.1520c(b)(2)&(3).

      The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

      "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "[T]he ALJ must do more than offer his conclusions, and must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998) A court may not affirm where the ALJ "pick[ed] out a few isolated instances of improvement" to support the denial of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). "[N]o circuit court has weighed in on whether ALJ's are now allowed to cherry-pick the record in making a supportability or consistency finding, or what kinds

of findings explicitly constitute cherry-picking under the new regulations." *Buethe v. Comm'r of Soc. Sec.*, No. 2:20-cv-552-KJN, 2021 U.S. Dist. LEXIS 93526, at 13-14 (E.D. Cal. May 17, 2021). "Recently, however. numerous district courts across the country have remanded where evidence supporting or consistent with a rejected medical opinion was ignored." *Id.* (citing cases, including *Pearce v. Saul*, 2020 WL 7585915, 4-6 (D.S.C. Dec. 22, 2020) (noting the plethora of medical records supporting and consistent with a physician's limiting opinion when determining the ALJ cherry-picked the evidence to discount this opinion, and holding that "[a]lthough the ALJ appears to have considered the appropriate factors, [she] failed to explain how the evidence supports her conclusion and meaningful review is frustrated"; relying on recent circuit precedent under the old regulations stating that "specious inconsistencies cannot reasonably support a rejection of medical opinions or other evidence")).

### b. Analysis

The ALJ summarizes the record and notes that plaintiff has been hospitalized many times due to "bizarre behavior." AR 32.  For example, in June 2018, she was hospitalized for five days after someone found her outside the police station lying on the ground with red paint all over her and she told the police she was being baptized by the blood of Christ. AR 32 and 473. The ALJ also notes that in September 2018, "she took 20 muscle relaxers and wanted to die or see what would happen." AR 32 and 528. The record also shows that in September 2018 plaintiff told her care providers at the hospital that she, "want[ed] to kill all the psych doctors and bomb all the psych hospitals…" AR 533. The ALJ also found that in April 2019[4], she, "was hospitalized due to an intentional overdose of Xanax, possible Effexor, and alcohol." AR 34 and 600.

---

[4] The record shows that this suicide attempt occurred in May 2019, not April 2019. See AR 600.

The ALJ also notes that the record shows that in May 2019, plaintiff began treatment with Machuca Behavioral Health for bipolar disorder and major depressive disorder. AR 38 and 804. The ALJ notes that she met with Dr. Machucha from June 2019 through at least May 2020. AR 38 and 39. The ALJ summarizes Dr. Machuca's treatment notes for these months. *Id.* The ALJ noted that,

> In October 2019, Francisco Machuca, M.D., opined that beginning May 27, 2019, the claimant has extreme limitations in social functioning, activities of daily living, and concentration, persistence, and pace. Dr. Machuca provided his opinion on a variety of specific functional activities, stating the claimant was unable to meet competitive standards or has no useful ability to function in every ability needed to do even unskilled work. She would be absent more than 4 days per month.

See AR 35. In the next paragraph, the ALJ finds that:

> The opinion of Dr. Machuca is not persuasive or consistent with the record. Dr. Machuca based his opinion on anxiety, depression, and chronic pain… However, this opinion is a check box opinion and an overestimate of the severity of the claimant's limitations. He provided no evidence to support that the claimant would be absent more that (sic) 4 days a month. His treatment notes consistently noted depressed mood and flat affect, but goal oriented and linear though process with intact/normal alertness, orientation, memory, attention, and concentration/ attention span.

See AR 35-36 and AR  812, 818, 826, 836, 844, 866, 878, 890, 898, 912, 924, 938, 950, and 964.

Although a treating physician's opinion is no longer entitled to controlling weight, the ALJ's reasons for finding the opinion of a medical source unpersuasive still must be supported by substantial evidence. The ALJ summarized plaintiff's medical records and Dr. Machuca's treatment notes, but he did not provide an analysis regarding how Dr. Machuca's opinion is contradicted by the medical record. The ALJ similarly concluded that Dr. Machuca's opinion was not persuasive, but he does not describe how the evidence supports his conclusion. Regarding the check-box nature of Dr. Machuca's opinion,

7

opinions on check-box forms do not stand alone because they must be considered in conjunction with the treatment records. See *Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014) (ALJ failed to recognize that the opinions neurologist expressed in check-box form were based on significant experience with claimant and supported by numerous records, so as to be entitled to weight that an otherwise unsupported and unexplained check-box form would not merit); see also see 20 C.F.R. 20 C.F.R. § 404.1520c(a), (c)(1)-(2) (ALJ must consider supportability and consistency).

The ALJ refers to the hospitalizations in the factual summary, but in his analysis, he refers to a few findings during sessions to show some improved functioning with therapy. See *Garrison*, 759 F.3d at 1017 (citing *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Although it appears that the ALJ considered the appropriate factors, he does not explain how the evidence supports his conclusion. Cherry-picking the records to accept only evidence that weighs against a finding of disability is not permitted. The ALJ does not sufficiently indicate how the facts he summarized led to his conclusions. The ALJ's analysis frustrates meaningful review because it is not clear how the ALJ arrived at his conclusions. I find that the ALJ did not articulate reasons supported by substantial evidence for rejecting Dr. Machuca's opinion. I remand this case to the agency for further administrative proceedings. When the Court finds an ALJ erred in denying social security benefits, ordinarily the Court "must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 874 F.3d 1130 at 5 (9th Cir. 2017, amended Jan. 25, 2018) (citing *Treichler v. Comm'r of SSA.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

The "credit-as-true," rule permits a direct award of benefits on review in rare circumstances. *Id.* at 3. Under the three-part rule, I first consider whether the "ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 6. This step is met for the reasons set forth above. At the second step, I consider whether there are "outstanding issues that must be resolved before a disability determination can be made" and whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1101. "In evaluating this issue, [I] consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103-1104. "Where…an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* at 1105. Since the ALJ's findings are inadequate, remand for further findings is appropriate. See *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995). I find that further administrative proceedings are necessary and remand the case. I have reviewed the administrative record as a whole and I find that the ALJ's decision is not wholly supported by substantial evidence. I remand this case.

Accordingly,

I ORDER that plaintiff's motion for reversal and/or remand (ECF No. 22) is GRANTED and the Commissioner's cross-motion to affirm (ECF No. 23) be DENIED.

DATED this 18th day of April 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE