# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Robyn Alise Cohen, | 2:21-cv-00031-VCF |
| Plaintiff, | **AMENDED ORDER** |
| v. | MOTION FOR ATTORNEY'S FEES [ECF NO. 31] |
| Kilolo Kijakazi,<br>Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's counsel, Marc V. Kalagian and the Law Offices of Lawrence D. Rohlfing, Inc., CPC, filed a motion for attorney's fees. ECF No. 31. No opposition has been filed and the time to file an opposition has passed.

I grant the motion.

**I.   Background**

This case commenced on January 7, 2021, in a civil action before this court for judicial review of the Commissioner's decision denying Plaintiff's applications for Disability Insurance Benefits. ECF No. 1. On April 18, 2022, the U.S. District Court for the District of Nevada remanded the matter to the Social Security Administration for further proceedings. ECF No. 26.

On June 10, 2022, an Order granting a Stipulation for attorney's fees in the amount of $3,952.83 in attorney fees. ECF No. 29.

1

The plaintiff prevailed on remand, entitling her to $89,114.00 in total past due benefits. ECF NO. 31, at page 6. Plaintiff's counsel moves for attorney fees in the amount of $14,000.00 which is 15.71% of the net payable past due benefits. *Id.* Plaintiff's counsel already received $3,952.83 per the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). *Id.* Counsel notes that the firm expended 19.3 hours on behalf of plaintiff in the federal court representation. *Id.* Of the hours, 17.6 are attorney hours and 1.7 are paralegal hours. Plaintiff's counsel states that paralegal hours are billed at $208.00 per hour and deducted, the effective hourly attorney rate is $764.00. *Id.* at page 13. Plaintiff asserts that this fee is reasonable. *Id.*

**Analysis**

Per 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Where there is an agreement between the claimant and counsel on attorney's fees for representation, the United States Supreme Court has instructed that courts generally must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). The Court also has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). "[T]he attorney bears the burden of establishing that the fee sought is reasonable." *Id*. at 1148. The Ninth Circuit in *Crawford v. Astrue* highlighted three factors to consider in determining the reasonableness of the attorney's fees. *Astrue*, 586 F.3d 1142 (9th Cir. 2009).

> First, no reduction in fees due to substandard performance was warranted. [. . .]
> Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of

2

> past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.

*Id.* at 1151-52.

After reviewing the record and the supporting evidence, I find that plaintiff's counsel has made a sufficient showing to support his request for $14,000.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff was awarded $89,114.00 in past-due benefits by SSA. ECF No. 31 at p. 6. Kalagian bases this fee on 15.71% of the net payable past due benefits. *Id.* Plaintiff's counsel supported his request by attaching his firm's two-page fee agreement that plaintiff signed. ECF No. 31-1. The record does not reflect substandard representation or dilatory conduct by counsel to increase the accrued amount of past-due benefits. I also find that the final request amount of fees is not excessive. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), abrogated on other grounds in *Gisbrecht,* 535 U.S. at 807.

I find that attorney Kalagian and his support staff worked efficiently and that an effective hourly rate of $764 for attorneys and $208 for paralegals, is not unreasonable.

I find that the final request amount of fees is not excessive.  Given plaintiff's counsel's experience in this area of law and commitment to representing those in need, I find that the effective hourly rate is more than reasonable based on the facts of this case.

Accordingly,

I ORDER that that plaintiff's motion for attorney fees pursuant to Social Security Act § 206(b)(1), (ECF No. 31) is GRANTED.

I FURTHER ORDER that the Commissioner is directed to CERTIFY the fee of $14,000.00, payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC.

I FURTHER ORDER that the Law Offices of Lawrence D. Rohlfing, Inc., CPC. to REFUND the EAJA fee of $3,952.83 to the plaintiff.

IT IS SO ORDERED.

DATED this 19th day of December 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE